**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 00-4377

RALPH AMES,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
Samuel G. Wilson, Chief District Judge.
(CR-99-85)

Submitted: September 29, 2000

Decided: October 12, 2000

Before WIDENER, WILKINS, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

I. Ray Byrd, Jr., LAW OFFICES OF I. RAY BYRD, JR., P.C.,
Salem, Virginia, for Appellant. Robert P. Crouch, Jr., United States
Attorney, Craig J. Jacobsen, Assistant United States Attorney, Roa-
noke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Ralph Ames appeals his jury convictions and resulting sentence for possession of a firearm by a convicted felon in violation of 18 U.S.C.A. § 922(g)(1) (West Supp. 2000) and bribery of a witness in violation of 18 U.S.C.A. § 201(b)(3) (West Supp. 2000). We affirm.

A jury's verdict must be upheld on appeal if there is substantial evidence in the record to support it. See Glasser v. United States, 315 U.S. 60, 80 (1942). In determining whether the evidence in the record is substantial, this Court views the evidence in the light most favorable to the Government and inquires whether there is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt. See United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). When there are conflicts in testimony, it is for the jury, not the appellate court, to weigh the evidence and judge the credibility of the witnesses. See id. We find that the evidence was sufficient for a jury to find that Ames possessed a firearm after being convicted of a felony and that he bribed a witness.

This Court reviews the factual findings underlying a motion to suppress for clear error, while reviewing the legal determinations de novo. See Ornelas v. United States, 517 U.S. 690, 699 (1996); see also United States v. Rusher, 966 F.2d 868, 873 (4th Cir. 1992). When a suppression motion has been denied, this Court reviews the evidence in the light most favorable to the government. See United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998). Under the good faith exception, evidence obtained from a defective search warrant will not be suppressed unless one of the following situations is present: (1) the officers were dishonest or reckless in preparing their affidavit; (2) the magistrate acted as a rubber stamp for the officers; (3) the magistrate did not have a substantial basis for determining the existence of probable cause; or (4) the officers could not have harbored an objectively reasonable belief in the existence of probable cause. See United States v. Leon, 468 U.S. 897, 914-15, 926 (1984). We affirm the district court's denial of Ames' motion to suppress because Ames failed to allege or to establish any Leon exception.

2

Finally, Ames' contention that the district court erred in sentencing him as an armed career criminal is without merit as Ames was sentenced as an adult and "[n]othing in § 924(e) or the Guidelines suggests that offenses must be tried or sentenced separately in order to be counted as separate predicate offenses." United States v. Samuels, 970 F.2d 1312, 1315 (4th Cir. 1992). Accordingly, we affirm the district court's order of judgment and conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3